## BROOKS v
## FRANKLIN SAVINGS & LOAN ASSN et

Ohio Appeals, 2nd Dist, Montgomery Co

No 1379. Decided June 8, 1936

McConnaughey, Demann & McConnaughey, Dayton, for plaintiff.

Morris P. Cromer, Dayton, Scharrer, Scharrer, McCarthy & Hanaghan, Dayton, for defendants.

## OPINION

By BODEY, J.

This cause is before the court on appeal. The final order was entered below prior to January 1, 1936.

The petition contains two causes of action and seeks specific performance of a realty contract and an accounting of rents and profits.

The evidence shows that prior to October 6, 1930, the defendant, Loan Company, held a first mortgage of $44,000.00 on Lots Nos. 36947 and 36948 of the consecutive number of lots in the revised plat of the City of Dayton; that a second mortgage thereon in the sum of $11,000.00 was held by plaintiff under assignment from the mortgagee, The Carl Construction Company; that said lots were sold at judicial sale; that it was orally agreed by plaintiff and the defendant, Loan Company, that the latter would buy said premises at the sale and would thereafter transfer the same to plaintiff or to a corporation which he would organize for the purpose of holding said premises, said transferee to execute to the Loan Company a mortgage in an amount covering its entire investment; that title to said premises was taken in the Loan Company and on March 23, 1931, the plaintiff made an application to the Loan Company for a loan on said premises in the sum of $47,000.00 to be issued to A C & A Company, a corporation which he had begun to organize to hold this property; that said loan was granted on March 24, 1931; that a deed was signed by the proper officers of the defendant, Loan Company, on March ..., 1931, but said deed was not witnessed or acknowledged; that a note and mortgage in the sum of $47,000.00 were executed by plaintiff as President and by

David M. Shilling as Secretary of the A C & A Company on March ..., 1931, said note providing for monthly payments on the loan of $470.00; that said A C & A Corporation was chartered on April 3, 1931; that the articles of incorporation were cancelled on November 15, 1932, on order of the Tax Commission of Ohio; that rents were collected by one Nevison, an employee of The Carl Construction Company from the time of the purchase by the Loan Company on October 6, 1930, to some time in August 1932; that furniture of the value of $906.45 was purchased for use in said premises, said furniture having been bought in the name of A C & A Company, it having executed its chattel mortgage thereon securing its note for the purchase price; that said furniture note was paid in installments by Nevison out of the rents received from the real estate; that the balance of the rents collected by Nevison after paying necessary expenses of light, heat, janitor service and the like, was turned over to the defendant, Loan Company, to be applied upon its claim; that in August 1932 plaintiff under a written contract, consisting of a letter written by him designated as Plaintiff's Exhibit B and the answer thereto written by defendant's attorney and designated as Exhibit E, moved into one of the apartments located on these premises and thereafter collected the rents until December 1, 1933, at which time the Loan Company advised him that he should no longer make collections; that the rents since October 6, 1930, have been totally insufficient to pay the sum of $470.00 monthly on said note and mortgage; that from the date of purchase until August 4, 1934, the rents have failed to pay 6% interest in addition to the operating expenses by at least $7600.00; that two months before the hearing in the lower court the premises in controversy were appraised at $29,475.00; that the A C & A Company has no assets of any kind; that neither plaintiff for himself nor as an officer of the A C & A Company offered to pay to the Loan Company the expense incident to the granting of the $47,000.00 loan in the sum of $138.50.

In spite of the fact that a note and mortgage were executed by the A C & A Company and delivered to the Loan Company and in spite of the further fact that the officers of the Loan Company signed a deed for these premises in favor of the A C & A Company, it would seem that the plaintiff did not feel that the Loan Company was bound to transfer said premises to him or to his company. In this connection we call attention to the following language contained in Exhibit D wherein, plaintiff, in referring to the arrangement attending his taking possession as rental agent, says:

"Both the Franklin Association and the undersigned understand that all these arrangements have been made in the hope that the undersigned will be able to effect a more satisfactory income from the property and with a view to further arrangements being made which will lead to an accomplishment of the original purpose of getting title to the premises in the name of the undersigned or some company organized by him, and which will permit the undersigned to reap any benefit or profit from the property over and above the amount which the Franklin Savings & Loan Association then has invested in it."

A plaintiff seeking specific performance of a contract must establish his case by the weight of the evidence. His petition is addressed to the sound discretion of the court. Whether or not relief will be granted in a particular case depends upon the facts of that case. The court does not enter the decree as a matter of right but only in its application of the wholesome principles of equity. The general rule is stated thus:

"In view of these fundamental rules it may be stated as a general rule that specific relief will be granted when it is apparent, under all the circumstances of the particular case, that it will subserve justice; and it will be withheld when it appears that it will produce hardship or injustice to the defendants."

A similar statement is made in Restatement of the Law of Contracts, §367, to-wit:

"Specific performance of a contract may be refused if (b) its enforcement will cause unreasonable or disproportionate hardship or loss to the defendant or to third persons."

These are the general principles of equity which the court must apply in cases such as this. In his testimony, the plaintiff admitted that the A C & A Company would be unable to pay to the Loan Company monthly payments of $470.00 if it was ordered so to do by the court. The situation would appear to be that, if the court ordered these premises conveyed to the A C &

A Company upon delivery of its mortgage and note providing for monthly payments of $470.00, this company would default in the payment of its first monthly installment. In such event, the defendant, Loan Company, would be compelled to file proceedings in foreclosure in order to have the premises sold and, no doubt, it would be forced to again buy the property for ·its protection. It would be futile, indeed, for the court to enter such an order. Too, an additional hardship and burden would be placed upon the Loan Company. The investment which the Loan Company now has in these premises exceeds their fair market value. The court should not make an order which would increase that investment. The court is aware of many situa,- tions similar to this and is cognizant of general economic conditions. We dare say that the defendant, Loan Company, would be greatly pleased to deed this property to plaintiff, to his corporation, or to any other persons who would execute to it a note secured by mortgage and who would pay to it punctually the monthly installments provided therein whereby it would be insured ultimate, full, realization on its investment.

The receiver appointed by the trial court in this proceeding has not been able to make the required payments out of the rents. The plaintiff admits that he could not do so either under present conditions and that he could not have done so at any time since the premises were acquired by the Loan Company. Under such a state of facts the court would grossly abuse its discretion by granting the prayer of the petition because, by such action, it would invoke against the defendant, Loan Company, a non-equitable rule and one which would work upon it a hardship and wh'ch would add to its burdens.

It is claimed that the A C & A Company is the owner of the furniture purchased for use in these premises. The purchase was contracted by the A C & A Company but the price was paid from the rents of the property. The premises belonged to the Loan Company. The rents also belonged to it. Since the furniture was paid for with money which rightfully belonged to the Loan Company we deem it equitable to hold that the furniture is the property of said Loan Company.

All concede that there has been a deficit in operation since October 6, 1930. There being a deficit, an accounting would be of little value to the parties.

The court finds upon the issues raised in favor of the defendants and against the plaintiff. The prayer of the petition is denied. The petition is dismissed at the costs of the plaintiff. Exceptions.

BARNES, PJ, and HORNBECK, J, concur.